UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| FAITH N. CROCKER, *ET AL.* | ) | CIVIL ACTION NO: 22-cv-00757 |
| | ) | |
| VERSUS | ) | JUDGE HICKS |
| | ) | |
| LLOYD J. AUSTIN, III, in his official capacity as United States Secretary of Defense, *et al.* | ) ) ) | MAGISTRATE JUDGE HORNSBY |

**REPLY MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

The undisputed facts regarding Plaintiff Byron Starks, a former Airman First Class, require the dismissal of his claims. First, there is no dispute that Starks is no longer in the Air Force. Second, there is no dispute that he was medically discharged due to a medical condition unrelated to his failure to receive a COVID-19 vaccine. Third, since Starks is not in the Air Force, he is no longer subject to the Air Force's COVID-19 vaccination requirement. These undisputed facts are sufficient to show that Starks lacks standing to challenge the Air Force's COVID-19 vaccination requirement in this lawsuit.

In his Opposition brief, Starks does not dispute any of those facts. Instead, he argues that his claims should not be dismissed because he wants to press a *different* claim—that his medical discharge was unreasonable or pretextual. But that is not a claim he has raised in the operative complaint, and even if he had raised a claim challenging his medical discharge or the characterization of his discharge, such a claim would be non-justiciable because he has failed to exhaust his administrative remedies. There is no dispute that Starks can appeal his discharge and characterization of his discharge through intra-service processes like the Air Force Discharge Review Board ("AFDRB"), which may review and change his discharge record, or the Air Force

1

Board for Correction of Military Records ("AFBCMR"), which has full authority to reinstate him into military service. And there is no dispute that Starks has not availed himself of either process.

Only after Starks completes those processes may be bring a claim in this Court challenging his medical discharge or the characterization of his discharge. "While [Plaintiff] may ultimately have recourse to the courts to protect [his] constitutional rights, the courts will not interfere with the disciplinary or executive functions of the armed services." *McCurdy v. Zuckert*, 359 F.2d 491, 495 n.6 (5th Cir. 1996). Appeals of a former military member's discharge basis and characterization are clearly an executive function of the armed service that must be handled by military administrative boards and have been statutorily reserved to the Discharge Review Board. *See* 10 U.S.C. § 1553. Unsupported by any evidence, Starks asserts that the review board process would be futile because it is a slow and bureaucratic process. But Plaintiff provides no evidence that he has even started this process or that he has encountered any obstacles that would make the process futile. Even if Plaintiff had raised this claim in his complaint, his claims fail as a matter of law because he failed to exhaust administrative remedies. The Court should dismiss this action.

### I.   Starks Lacks Standing To Challenge COVID-19 Vaccination Requirement

The undisputed facts show that Starks lacks Standing to seek declaratory and injunctive relief against defendants for vaccination policies because he is no longer subject to the COVID-19 vaccination requirement. In his amended complaint, Starks claimed that he "ha[s] suffered, and will continue to suffer, irreparable harm" making him "entitled to equitable relief." First Am. Compl. ("FAC") ¶ 190. The "irreducible constitutional minimum of standing" under Article III requires Plaintiff to show that he has met three elements: (1) an actual or imminent injury, (2) causation, and (3) redressability. *Seals v. McBee*, 898 F.3d 587, 590-91 (5th Cir. 2018) (citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Starks is no longer a member of the Air Force and is no longer subject to Defendants' vaccine requirement. As a result, he has no actual or imminent injury—much less any real or immediate threat of repeated injury—to enjoin Defendants from mandating that military members be vaccinated against COVID-19. Furthermore, because his harm, *i.e.*, discharge, has already occurred and on a basis distinct from his current claim, any "injunctive remedy is moot." *Strickland v. Danzig*, No. 00-60117, 2000 U.S. App. LEXIS 39609 at *2 (5th Cir. Oct 9, 2000). Nor would a declaratory judgment remedy any injury or impending harm. Indeed, courts have recently recognized that plaintiffs who have similarly left the military but remain as plaintiffs to challenge the Department of Defense and Air Force COVID-19 vaccination mandates "do[] not have standing to seek [any] prospective [relief] because [they] face[] no threat of imminent, future harm that could be redressed through injunctive relief." *Bongiovanni v. Austin*, No. 3:22-cv-237, 2022 U.S. Dist. LEXIS 93246, at *19 (M.D. Fla. May 24, 2022).

**II. Plaintiff Has Not Challenged His Discharge in the Operative Complaint.**

The operative Complaint does not raise any issues about Starks' discharge, the reason for his discharge, or the characterization of his discharge. It does not bring any claim based on his discharge or discharge characterization. "[I]t is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss." *D&J Invs. of Cenla, L.L.C. v. Baker Hughes*, No. 1:20-CV-01174, 2022 WL 10760725, at *4 (W.D. La. Sept. 14, 2022), *report and recommendation adopted sub nom. D&J Invs. of Cenla LLC v. Baker Hughes*, No. 1:20-CV-01174, 2022 WL 10676579 (W.D. La. Oct. 18, 2022); *see also In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F.Supp.2d 504, 566 (S.D. Tex. 2011).

"While the Court may consider new, consistent factual allegations contained in plaintiffs' opposition brief, the Court should not consider claims raised for the first time in plaintiffs' responsive memorandum." *Sanat v. Sanghani, MD, LLC v. United Healthcare Servs., Inc.*, No.

3

1:17-CV-00685, 2018 WL 1188838, at *1 (W.D. La. Feb. 8, 2018), *report and recommendation adopted*, No. 1:17-CV-00685, 2018 WL 1188042 (W.D. La. Mar. 6, 2018).

Starks was not discharged for failure to receive the COVID-19 vaccination, and any challenge to his *medical* discharge are not within the gambit of his claims in the complaint.[1]

### III.  Any Challenge to Starks' Discharge Are Not Justiciable.

Even if Starks had properly alleged facts related to his discharge or raised a claim challenging his medical discharge or service characterization in the operative Complaint, those claims would still not be justiciable because he has failed to exhaust available administrative remedies. If an Airman believes that his involuntary separation is unjust, such as his basis for discharge or discharge characterization, Congress has provided for corrective process, including the AFDRB and the AFBCMR. 10 U.S.C. § 1552(a)(1) (The AFBCMR is empowered "to correct an error or remove an injustice.").  Reviewing the basis for a discharge and determining the proper characterization of a discharge are the domain of the military boards in the first instance, and not within the jurisdiction of this Court.

As noted in the original brief, Starks's administrative remedies are twofold.  First, he may apply to the Air Force Discharge Review Board to change his discharge, obtain a new discharge, or obtain review for whether his discharge violated his constitutional rights.  AFDRB Applicants may "request a change in the character of or reason for discharge," including "specific issues which, in the opinion of the applicant, form a basis for changing the character of or reason for discharge, or both." Department of Defense Instruction ("DoDI") 1332.28, *Discharge Review Board (DRB) Procedures and Standards* (April 4, 2004), Enclosure 3, ¶¶ E3.1.3, E3.1.4.  In

---

[1] In the administrative proceedings, Starks sought only to refute the cause and disqualifying nature of the medical condition that formed the basis for his erroneous enlistment.  He never claimed that the medical discharge was retaliatory or that the Air Force's denial of his religious accommodation request to the Air Force's COVID-19 vaccination requirement was the actual basis for his medical discharge.

response, the AFDRB may "change a discharge . . . or issue a new discharge, to reflect its findings." 10 U.S.C. § 1553(b)(1). Furthermore, the AFDRB can review whether "a certain course of action violated his or her constitutional rights." 32 C.F.R. § 865.112(f), (i). Starks has not requested any relief from the AFDRB.

Second, Starks could seek relief from the AFBCMR, as established by 10 U.S.C. § 1552, to correct errors or injustices in his record, with possible relief including potential reinstatement back into service. He could also appeal to the Board for a recharacterization of his discharge if, as his argument contends, the characterization of his discharge as general was incorrect and unjust. The AFBCMR's function is to "consider[] all applications properly brought before it [and] . . . recommend[] correction of military records to remove an error or injustice." AFI 36-2603, *Air Force Board for Correction of Military Records (AFBCMR)* (September 18, 2017), ¶ 2.1. The AFBCMR reviews all written evidence submitted by the applicant and, at applicant's request "may, in its discretion, hold a hearing or call for additional evidence or opinions in any case." *Id.* at ¶ 2.3.

The Fifth Circuit has recognized that the AFBCMR could "if it determines that [an applicant] has been illegally discharged, grant him full reinstatement and restoration of all rights, thus in effect making him whole for any injury he might suffer from a wrongful discharge." *Hodges v. Callaway*, 499 F.2d 417, 422 (5th Cir. 1974). Judicial redress of injuries arising from Air Force personnel actions must await a final decision on a petition for relief from the AFBCMR. *Id.* at 420; *see also Chappell v. Wallace*, 462 U.S. 296, 303 (1983) ("Board decisions are subject to judicial review[.]"). To date, Starks has not sought relief from the AFBCMR.

Even if Starks had standing, any claim challenging his medical discharge would still not be justiciable. Starks cites cases from the District of Columbia, Ninth and Eleventh Circuits in an attempt to persuade this Court that despite the holding in *Mindes v. Seaman* that"[a] court should

not review internal military affairs in the absence of (a) an allegation of the deprivation of a constitutional right, or an allegation that the military has acted in violation of applicable statutes or its own regulations, and (b) exhaustion of available intraservice corrective measures," 453 F.2d 197, 201 (5th Cir. 1971), a military plaintiff need not exhaust administrative remedies in cases involving constitutional challenges. This Circuit has long recognized that interests in comity, avoiding constitutional concerns about judicial interference with administration of the military, and effectuating Congress's mechanisms for reviewing military personnel decisions preclude a court's use of declaratory or injunctive relief to interfere with an ongoing military personnel decision making process. *Hodges*, 499 F.2d at 420. Starks must exhaust "all available military remedies." *Winck v. England*, 327 F.3d 1296, 1303 n.5 (11th Cir. 2003) (quoting *Mindes*, 453 F.2d at 201). Precedent in the Fifth Circuit clearly states that "[i]t is basic to military claims that [plaintiffs] must exhaust [their] military remedies before seeking federal court intervention," *Wickham v. Hall*, 706 F.2d 713, 715 (5th Cir. 1983),[2] even if probable success is slim to none, *Von Hoffburg v. Alexander*, 615 F.2d 633, 639 (5th Cir. 1980).

Specifically in *Hodges*, the Fifth Circuit articulated that the Service's DRB and BCMR must be exhausted "[f]or purposes of this requirement," 499 F.2d at 420. Accordingly, if the "suit was filed after discharge, the court may not retain jurisdiction while the plaintiff resorts to administrative review." *Id.* at 421; *see also McCurdy*, 359 F.2d at 495. While courts may excuse exhaustion requirements for intra-service remedies "where no genuine opportunity for adequate

---

[2] Nothing in the Religious Freedom Restoration Act ("RFRA"), under which Plaintiff brings his first cause of action, implicitly overrules *Mindes* or its exhaustion requirement. RFRA permits suits for "appropriate relief against a government." 42 U.S.C. § 2000bb-1(c). The Amended Complaint seeks "equitable" declaratory and injunctive relief against the military. *Abbott Labs. v. Gardner*, 387 U.S. 136, 155 (1967); *see generally* FAC. Suits for equitable "relief against" the military are not "appropriate" under RFRA when the *Mindes* requirements are not satisfied. Indeed, the Supreme Court granted the Government's request for emergency relief, to preserve the military's discretion to make deployment, assignment, and other operational decisions, in the face of the Fifth Circuit's assertion that RFRA somehow abrogated military nonjusticiability doctrine. *See U.S. Navy SEALs 1-26 v. Biden*, 27 F.4th 336, 346 (5th Cir. 2022), *partial stay granted*, *Austin v. Navy SEALs 1-26*, 142 S. Ct. 1301, 1301 (2022).

6

relief exists, irreparable injury will result if the complaining party is compelled to pursue administrative remedies, or an administrative appeal would be futile," *Linfors v. United States*, 673, F.2d 332, 334 (11th Cir. 1982) (citing *Hodges*, 499 F.2d at 420-21 (5th Cir. 1974), *Rhodes v. United States*, 574 F.2d 1179, 1181 (5th Cir. 1978); *Von Hoffburg*, 615 F.2d at 638), none of those exceptions apply in this case.

Starks has not demonstrated that no genuine opportunity for adequate relief exists—as noted several times, he still has not even started the administrative processes that could undo his discharge or that could recharacterize the alleged improper nature of his discharge.  He has not demonstrated any irreparable injury from being required to pursue those administrative remedies. Courts have consistently found that military administrative and disciplinary actions, including separation, are not irreparable injuries because the service member could be reinstated and provided back pay if he prevailed on his claim. Starks contends that this process would be futile without even starting same. Without evidence of that futility, other than self-serving statements, this argument fails.

## CONCLUSION

Starks's discharge was not related to the COVID-19 vaccination requirement, and he was never subject to any disciplinary action due to his refusal to comply with the COVID-19 vaccine mandate. Starks did not raise any claims in any complaint in this matter aside from a COVID-19 vaccine requirement that no longer applies to him.  Thus, this Court cannot consider claims beyond that contained in the complaint.  Until Starks exhausts his administrative remedies related to his medical discharge, he will "find the doors of the federal courthouse closed." *Hodges*, 499 F.2d at 420.

For the foregoing reasons, the Court should dismiss all of Plaintiff's claims and terminate this case.

        Respectfully submitted,

        BRANDON B. BROWN
        United States Attorney

BY:   *s/ Jennifer B. Frederick*
        JENNIFER B. FREDERICK (#23633)
        Assistant United States Attorney
        800 Lafayette Street, Suite 2200
        Lafayette, LA 70501
        Telephone:  (337) 262-6618
        Facsimile:   (337) 262-6693
        Email:       jennifer.frederick@usdoj.gov