UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| FAITH N. CROCKER, *et al.*, | ) | CIVIL ACTION NO.  22-cv-00757 |
| | ) | |
| VERSUS | ) | JUDGE HICKS |
| | ) | |
| LLOYD J. AUSTIN, III, in his official | ) | MAGISTRATE JUDGE HORNSBY |
| Capacity as United States Secretary of | ) | |
| Defense, *et al.* | ) | |

MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

BACKGROUND ............................................................................................................... 2

     I.   Plaintiffs and Their Requested Relief ................................................................. 2

    II.  Rescission of the Department of Defense (DOD) and Department of the Air Force (DAF) COVID-19 Vaccination Mandates .................................................. 3

ARGUMENT ..................................................................................................................... 6

     I.   Plaintiffs' Claims Are Moot ............................................................................... 7

    II.  Plaintiffs' Claims Are Not Capable of Repetition Yet Evading Review, Do Not Survive Mootness Due to Voluntary Cessation, and Are Not Reasonably Expected To Recur ....................................................................... 9

CONCLUSION ................................................................................................................ 12

# TABLE OF AUTHORITIES

## Federal Cases

**Page(s)**

*Alabama ex rel. v. Baxley v. Woody,*
  473 F.2d 10 (5th Cir. 1973) ............................................................................... 11

*Allied Home Mortg. Corp. v. United States HUD,*
  618 Fed. Appx. 781 (5th Cir. 2015) ......................................................................11

*Already, LLC v. Nike, Inc.,*
  568 U.S. 85 (2013) ......................................................................................... 10

*Amawi v. Paxton,*
  956 F.3d 816 (5th Cir. 2020) ............................................................................. 6

*Boudreaux v. La. State Bar Ass'n,*
  2022 WL 3154190 (E.D. La. Aug. 8, 2022) ......................................................... 12

*Brach v. Newsom,*
  38 F.4th 6 (9th Cir. 2022) .................................................................................. 11

*Cain v. City of New Orleans,*
  281 F.Supp.3d 624, 2017 WL 6372836 (E.D. La. Dec. 13, 2017) ......................................... 12

*Chancey v. Biden,*
  No. 1:220-cv-00110-MW-ZCB (N.D. Fla. Feb. 14, 2023) ..................................................... 6-7

*Clapper v. Amnesty Int'l USA,*
  568 U.S. 398 (2013) ......................................................................................... 12

*Creaghan v. Austin,*
  No. 22-0981 (D.D.C. Mar. 10, 2023) ......................................................................7

*Creaghan v. Austin,*
  No. 22-5135 (D.C. Cir. Mar. 10, 2023)................................................................1, 6

*Dunn v. Austin,*
  No. 22-15286, 2023 WL 2319316 (9th Cir. Feb. 27, 2023) ................................................. 1, 6

*Fantasy Ranch Inc. v. City of Arlington,*
  459 F.3d 546 (5th Cir. 2006) ............................................................................. 7, 11

*Franciscan All., Inc. v. Becerra,*
  47 F.4th 368 (5th Cir. 2022) ............................................................................. 11

**TABLE OF AUTHORITIES**

**Federal Cases (continued)**

**Page(s)**

*Genesis Healthcare Corp. v. Symczyk*,
569 U.S. 66 (2013) .................................................................................................. 6

*ITT Rayonier, Inc. v. United States*,
651 F.2d 343 (5th Cir. 1981) .................................................................................. 9

*Libertarian Party v. Dardenne*,
595 F.3d 215 (5th Cir. 2010) ............................................................................. 9, 10

*Log Cabin Republicans v. United States*,
658 F.3d 1162 (9th Cir. 2011) ................................................................................ 8

*Lopez v. City of Houston*,
617 F.3d 336 (5th Cir. 2010) ............................................................................. 9, 10

*Moore v. Hosemann*,
591 F.3d 741 (5th Cir. 2009) .................................................................................. 9

*N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York*
140 S. Ct. 1525 (2020).................................................................................... 6, 8

*Navy SEAL 4 v. Austin,*
No. 22-5114 (D.C. Cir. Mar. 10, 2023)...............................................................1, 6

*Roth v. Austin,*
No. 22-2058 (8th Cir. Mar. 16, 2023) ................................................................1, 6

*Short v. Berger,*
Nos. 22-15755, 22-16607, 2023 WL 2258384 (9th Cir. Feb. 24, 2023) .............. 1, 6

*Sierra Club v. Lynn*,
502 F.2d 43 (5th Cir. 1974) .................................................................................. 11

*Sossamon v. Lone Star State of Tex.*,
560 F.3d 316 (5th Cir. 2009) ................................................................................ 10

*Spell v. Edwards*,
962 F.3d 175 (5th Cir. 2020) ........................................................................ 6, 7, 10

*Thomas v. Bryant*,
938 F.3d 134 (5th Cir. 2019) ............................................................................ 7, 11

iii

# TABLE OF AUTHORITIES

## Federal Cases (continued)

**Page(s)**

*Veasey v. Abbott*,
   888 F.3d 792 (5th Cir. 2018) ................................................................................. 6

*Weinstein v. Bradford*,
   423 U.S. 147 (1975) ................................................................................................ 9

## Federal Statutes

42 U.S.C. § 2000bb, *et seq.* ..................................................................................... 2

## Other

James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 (NDAA),
   Pub. L. No. 117-263, 136 Stat. 2395 (2022) ...........................................................3

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| FAITH N. CROCKER, *et al.*, | ) | CIVIL ACTION NO.  22-cv-00757 |
| | ) | |
| VERSUS | ) | JUDGE HICKS |
| | ) | |
| LLOYD J. AUSTIN, III, in his official | ) | MAGISTRATE JUDGE HORNSBY |
| Capacity as United States Secretary of | ) | |
| Defense, *et al.* | ) | |

MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

Defendants move to dismiss the claims brought by Plaintiffs, except Plaintiff Byron Starks whose claims remain subject to a motion to dismiss previously filed separately. Plaintiffs sought to enjoin enforcement of the Air Force's COVID-19 vaccination requirement. But consistent with a directive from Congress, the Secretary of Defense (SECDEF) has now rescinded that requirement. Implementing guidance precludes disciplining service members who requested exemptions and confirms that unvaccinated service members can actively participate in military missions.

Those developments moot this case: Plaintiffs face no threat of discharge or other adverse consequences for their noncompliance with the now-rescinded vaccination requirement. The Court should therefore dismiss Plaintiffs' case, as other courts have recently done in materially similar circumstances. *See* Order, *Roth v. Austin*, No. 22-2058 (8th Cir. Mar. 16, 2023); *Navy SEAL 4 v. Austin*, No. 22-5114 (D.C. Cir. March 10, 2023); *Creaghan v. Austin*, No. 22-5135 (D.C. Cir. Mar. 10, 2023); *Dunn v. Austin*, No. 22-15286, 2023 WL 2319316 (9th Cir. Feb. 27, 2023); *Short v. Berger*, Nos. 22-15755, 22-16607, 2023 WL 2258384 (9th Cir. Feb. 24, 2023).

1

**BACKGROUND**

**I.      Plaintiffs and Their Requested Relief**

Plaintiffs are six members of the United States Air Force and Air Force Reserve who sought religious exemptions from the Air Force's COVID-19 vaccination requirement. Plaintiffs filed suit, claiming that the requirement violated the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb *et seq*., the Free Exercise Clause of the First Amendment, and the Administrative Procedures Act. First Amended Complaint (FAC), Doc. 12. They moved for a preliminary injunction barring the Air Force "from applying their facially discriminatory policies against Plaintiffs"; "from applying their practice of . . . systematic denial of religious accommodation requests for COVID-19 vaccination[,] . . .  differential treatment of accommodation requests for the COVID-19 vaccination for secular reasons and accommodation requests for religious reasons[,] . . . and retributive or negative action against servicemembers who make or have made religious accommodation requests"; and "from making Plaintiffs' non-receipt of COVID-19 vaccination or Plaintiffs' submission of a request for a religious accommodation from COVID-19 vaccination a basis for adverse actions against Plaintiffs, including, but not limited to: separation from service, recoupment of education or training expenses; loss or delay of promotion, training opportunities, or retirement; and loss of bonuses, pay, or benefits." Motion for Preliminary Injunction ("PI Motion"), Doc. 13, ¶¶ 1-3.

Subsequently, the United States District Court for the Southern District of Ohio issued a preliminary injunction prohibiting the enforcement of the COVID-19 vaccination mandate against members of its certified class; Plaintiffs were treated as members of that class. This Court then denied Plaintiffs' PI Motion as moot, staying the case for all Plaintiffs, except for Plaintiff Byron O. Starks whose claims are subject to a motion to dismiss previously filed in this Court and pending

review. Order, Doc. 17; *see* Motion to Dismiss, Doc. 20. On March 6, 2023, this Court also denied

Plaintiff Crocker's original motion for preliminary injunction filed on March 28, 2022, requesting

similar relief. Order, Doc. 33.

## II.      Rescission of the Department of Defense (DOD) and Department of the Air Force (DAF) COVID-19 Vaccination Mandates

On December 23, 2022, the President signed the James M. Inhofe National Defense

Authorization Act for Fiscal Year 2023 (NDAA), Pub. L. No. 117-263, 136 Stat. 2395 (2022).

Section 525 of the NDAA, enacted over the objection of the DoD, and directed SECDEF to rescind

the requirement "that members of the Armed Forces be vaccinated against COVID-19 pursuant to

the memorandum dated August 24, 2021, regarding 'Mandatory Coronavirus Disease 2019

Vaccination of Department of Defense Service Members.'" 136 Stat. at 2571-72; *see also*, U.S.

Dep't of Def., Transcript: Sabrina Singh, Deputy Pentagon Press Secretary, Holds a Press Briefing

(Dec. 7, 2022), https://perma.cc/EXQ2-FNBN (stating that SECDEF "support[ed] continuing the

vaccine mandate in the NDAA").

On January 10, 2023, SECDEF issued a memorandum carrying out Section 525 and

rescinding the COVID-19 vaccination requirement for military service members. *See* Sec'y of Def.

Mem. (Jan. 10, 2023), (Gvmt Ex. 1, Rescission Memorandum). The Rescission Memorandum

provides that "[n]o individuals currently serving in the Armed Forces shall be separated solely on

the basis of their refusal to receive the COVID-19 vaccination if they sought an accommodation

on religious, administrative, or medical grounds"; that "[t]he Military Departments will update the

records of such individuals to remove any adverse actions solely associated with denials of such

requests, including letters of reprimand"; and that "[t]he Secretaries of the Military Departments

will . . . cease any ongoing reviews of current Service member religious, administrative, or medical

accommodation requests solely for exemption from the COVID-19 vaccine or appeals of denials

of such requests." *Id.* The Rescission Memorandum further states that "[o]ther standing Departmental policies, procedures, and processes regarding immunizations remain in effect," including "the ability of commanders to consider, as appropriate the individual immunization status of personnel in making deployment, assignment, and other operational decisions, including when vaccination is required for travel to, or entry into, a foreign nation." *Id.*

On January 23, 2023, the Secretary of the Air Force issued a memorandum that rescinded prior guidance implementing the COVID-19 vaccination requirement specific to the Air Force. Gvmt Ex. 2, Sec'y of Air Force Mem. (Jan 23, 2023). The memorandum states that "[n]o individuals currently serving in the DAF shall be separated solely on the basis of their refusal to receive the COVID-19 vaccination if they sought an accommodation on religious" or other grounds and that "[t]he DAF will update the records of such individuals to remove any adverse actions solely associated with denials of such requests, including letters of reprimand." *Id.*

The DoD issued updated Force Health Protection Guidance on January 30, 2023, which eliminates vaccination-based travel restrictions, including restrictions on non-mission-critical travel for unvaccinated service members. Gvmt Ex. 3, Under Sec'y of Def. Mem. (Jan. 30, 2023). The guidance also eliminates vaccination-based distinction with respect to other force health protection measures, such as masking, quarantining, and testing. *See id.*

On February 10, 2023, the Chief of the Air Force Reserve issued a memorandum rescinding a prior policy that had limited unvaccinated service members' participation in the Reserve. Gvmt Ex. 4, Chief of Air Force Reserve Mem. (Feb. 10, 2023). The memorandum states that unvaccinated service members may "participate in accordance with applicable DAF Instructions, policies, and Force Health Protection Guidance" and that COVID-19 vaccination status is no longer a barrier to service in the [Air Force Reserve]." *Id.*

On February 24, 2023, the Deputy SECDEF issued further guidance implementing the rescission of the vaccination requirement. The guidance explains that the SECDEF's Rescission Memorandum "rendered all DoD component policies, directives, and guidance implementing" the vaccination requirement "no longer in effect as of January 10, 2023." Gvmt Ex. 5, Feb. 24, 2023, Deputy SECDEF Memo ("Deputy SECDEF Memo"). "These include, but are not limited to, any COVID-19 vaccination requirements or related theater entry requirements and any limitations on deployability of Service members who are not vaccinated against COVID-19." *Id.* The guidance makes clear that DoD Component "policies, directives, and guidance have not been operative since the January 10, 2023, memorandum was issued" and directs the heads of military components, including the Air Force, to certify in writing that those policies have been formally rescinded "no later than March 17, 2023." *Id.* It further states that the DoD will "continue to respect any applicable foreign nation vaccination entry requirements" but that commanders "will not" otherwise "require a Service member or group of Service members to be vaccinated against COVID-19, nor consider a Service member's COVID-19 immunization status in making deployment, assignment, and other operational decisions, absent establishment of a new immunization requirement" in accordance with a process described in the guidance. *Id.* The guidance states that any new immunization requirement would require high-level review and approval and must be "justified by compelling operational needs" and be "as narrowly tailored as possible." *Id.*

Also on February 24, 2023, the Secretary of the Air Force issued guidance establishing procedures for the removal of adverse actions from the records of service members who failed to comply with the now-rescinded vaccination requirement. Gvmt Ex. 6, Sec'y of Air Force Mem. (Feb. 24, 2023) (detailing procedures for removal of letters of admonishment, counseling, or

reprimand; nonjudicial punishments; referral performance reports; promotion records; and involuntary discharge proceedings).

**ARGUMENT**

The rescission of the COVID-19 vaccination requirement mooted this case; accordingly, the case should be dismissed. "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during the litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quotations omitted). The Supreme Court has recognized that claims for injunctive relief become moot when what is challenged is amended to give "the precise relief that [the plaintiffs] requested." *N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S. Ct. 1525, 1526 (2020). The Fifth Circuit has made clear that "a case challenging a statute, executive order, or local ordinance usually becomes moot if the challenged law has expired or been repealed. . . . Once the law is off the books, there is nothing injuring the plaintiff and, consequently, nothing for the court to do." *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020); *see also Veasey v. Abbott*, 888 F.3d 792, 799 (5th Cir. 2018); *Amawi v. Paxton*, 956 F.3d 816, 819, 821 (5th Cir. 2020). Federal appellate courts have recently dismissed appeals from the denial of preliminary relief in cases challenging the military's now-rescinded COVID-19 vaccination requirement. *See* Order, *Roth v. Austin*, No. 22-2058 (8th Cir. Mar. 16, 2023); *Navy SEAL 4 v. Austin*, No. 22-5114 (D.C. Cir. March 10, 2023); *Creaghan v. Austin*, No. 22-5135 (D.C. Cir. Mar. 10, 2023); *Dunn v. Austin*, No. 22-15286, 2023 WL 2319316 (9th Cir. Feb. 27, 2023); *Short v. Berger*, Nos. 22-15755, 22-16607, 2023 WL 2258384 (9th Cir. Feb. 24, 2023). Likewise, federal district courts have dismissed as moot related cases since the rescission of the COVID-19 vaccine mandate. *See Chancey v. Biden*,

6

No. 1:220-cv-00110-MW-ZCB (N.D. Fla. Feb. 14, 2023); *Creaghan v. Austin*, No. 22-0981 (D.D.C. Mar. 10, 2023). This Court should do the same.

## I.   Plaintiffs' Claims Are Moot.

There is "nothing for [this] court to do." *Spell*, 962 F.3d at 179. Plaintiffs' claims are directed at a nullified and rescinded vaccination requirement. Gvmt Ex. 1, Gvmt Ex. 2. "[S]tatutory changes that discontinue a challenged practice are 'usually enough to render a case moot, even if the [governing body] possesses the power to reenact the statute [or policy] after the lawsuit is dismissed.'" *Thomas v. Bryant*, 938 F.3d 134, 144 n.21 (5th Cir. 2019) (quoting *Fantasy Ranch Inc. v. City of Arlington*, 459 F.3d 546, 564 (5th Cir. 2006)).

The particular forms of relief requested in plaintiffs' complaint make clear that this appeal is moot. For example, plaintiffs requested a preliminary and permanent injunction against the mandate and its associated policies as well as an order declaring them unlawful and setting them aside. *See* First Amended Complaint ("FAC"), Prayer for Relief, Doc. No. 12. SECDEF's Rescission Memorandum not only terminates the vaccination mandate but also makes clear that "[n]o individuals currently serving in the Armed Forces shall be separated solely on the basis of their refusal to receive the COVID-19 vaccination if they sought an accommodation on religious" or other grounds. Gvmt Ex. 1. The Secretary of the Air Force's January 23 memorandum also terminates the DAF's correlative vaccine mandate and reiterates the same point, stating that "No individuals currently serving in the DAF shall be separated solely on the basis of their refusal to receive the COVID-19 vaccination if they sought an accommodation on religious" or other grounds." Gvmt Ex. 2. The Chief of the Air Force Reserve's February 10 memorandum further makes clear that unvaccinated service members can actively participate in the Air Force Reserve and will not be transferred to the Individual Ready Reserve or placed on no points/no pay status.

Gvmt Ex. 3. Plaintiffs therefore face no concrete prospect of ongoing injury because of their unvaccinated status.

Plaintiffs also request declaratory judgments that the COVID-19 vaccination mandate violates their rights under the First Amendment to the United States Constitution and the Administrative Procedure Act (APA). *Id.* Under the SECDEF Rescission Memorandum and the memoranda from the Secretary of the Air Force and the Chief of the Air Force Reserve, none of the Plaintiffs are subject to the August 2021 vaccine mandate, and none will have a record of discipline or adverse action based on their failure to be vaccinated. Of the six plaintiffs, four—Wayne, Schadwinkel, Potier, and McHaley—had no pending or past adverse action based on the vaccine requirement. Plaintiff Duff received a Letter of Counseling based solely on failure to be vaccinated; however, that has been rescinded and removed from his personnel records. Gvmt Ex. 7, Chaponis Decl. ¶ 3. Plaintiff Crocker received a Letter of Reprimand based solely on her failure to be vaccinated, but that has been rescinded and removed from her personnel records. Vaccination status no longer has any bearing on each plaintiff's "duties as well as assignment, training, and deployment eligibility." *Id.* ¶ 4. A judicial ruling as to whether plaintiffs are exempt from a now defunct policy on First Amendment or APA grounds would be an impermissible advisory opinion. *Cf. Log Cabin Republicans v. United States*, 658 F.3d 1162, 1166-68 (9th Cir. 2011) (finding moot a challenge to the military's Don't-Ask-Don't-Tell policy when the policy was repealed by statute after judgment). Because the "precise relief requested in the prayer for relief in their complaint" is not available, plaintiffs' "claim[s] for declaratory and injunctive relief" are "therefore moot." *N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S. Ct. 1525, 1526 (2020). Accordingly, this case is moot.

**II.      Plaintiffs' Claims Are Not Capable of Repetition Yet Evading Review, Do Not Survive Mootness Due to Voluntary Cessation, and Are Not Reasonably Expected To Recur.**

No mootness exception applies here. First, plaintiff's case does not fall within the narrow exception for injuries that are capable of repetition but evading review. That exception applies only if "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Lopez v. City of Houston*, 617 F.3d 336, 340 (5th Cir. 2010) (quoting *Weinstein v. Bradford*, 423 U.S. 147 (1975)). Neither requirement is satisfied here.  As shown by the long-standing military vaccination requirements that have been in place for decades, a vaccination requirement is, by its nature, not short in duration.  *Cf. Moore v. Hosemann*, 591 F.3d 741, 744 (5th Cir. 2009) ("Election controversies are paradigmatic examples of cases that cannot be fully litigated before the particular controversy expires.").

First, a military vaccination requirement does not "inevitably expire[]" and thus constrain judicial review. *ITT Rayonier, Inc. v. United States*, 651 F.2d 343, 346 (5th Cir. 1981); *see also Moore v. Hosemann*, 591 F.3d 741, 744 (5th Cir. 2009) (stating that the exception would apply to cases such as election controversies, which "cannot be fully litigated before the particular controversy expires"). Second, Plaintiffs cannot "show a 'demonstrated probability,' not just a 'theoretical possibility,' that [they] will be subject to the same government action." *Lopez*, 617 F.3d at 340 (quoting *Libertarian Party v. Dardenne*, 595 F.3d 215, 217 (5th Cir. 2010)). DoD and the DAF have issued numerous policies implementing the rescission of the August 2021 vaccination requirement, and there is no reason to think they will reenact the rescinded requirement. Even if DoD were to issue some new vaccination requirement pursuant to the February 24 memorandum, Gvmt Ex. 5, "merely showing that the government will 'have an

9

opportunity to act in the same allegedly unlawful manner in the future' is not enough to satisfy the second prong of the exception without a reasonable expectation that the government *will* act in that manner." *Lopez*, 617 F.3d at 341 (quoting *Libertarian Party*, 595 F.3d at 217) (emphasis in original). If the military or the Air Force imposed a new vaccination requirement—for example, a requirement limited to service members deployed to a particular location or "narrowly tailored" to some other "compelling operational need[]," Gvmt Ex. 5, then any challenge to discipline for noncompliance with such a requirement would raise different issues than this case does, requiring a different and individualized analysis for any requests for exemptions. There is no reason to think DoD or the DAF will issue another vaccination requirement that raises the same issues presented here, and the capable-of-repetition exception therefore does not apply. *Cf. Spell v. Edwards*, 962 F.3d 175, 180 (5th Cir. 2020) (finding that it was "speculative[] at best" when the Louisiana Governor "might reimpose" certain COVID-19 stay-at-home orders and thus the capable of repetition yet evading review exception did not apply).

The voluntary cessation exception is likewise inapplicable. The voluntary cessation exception to mootness does not apply. Here, the challenged policy was unambiguously terminated at the direction of Congress (over the objection of DoD), so Defendants did not voluntarily cease, and the exception does not apply. Even if rescinding the mandate at the direction of Congress was "voluntary cessation," that would still not be sufficient to overcome mootness.

As an initial matter, although "a defendant cannot automatically moot a case simply by ending its [allegedly] unlawful conduct once sued," *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013), government defendants are afforded a lighter burden in that "formally announced changes to official governmental policy are not mere litigation posturing," *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 325 (5th Cir. 2009), and that "a case can become moot if . . . [a] regulation

10

expires or is repealed." *Franciscan All., Inc. v. Becerra*, 47 F.4th 368, 376 (5th Cir. 2022).  This

is because "the government, unlike private litigants, is presumed to act in good faith," *Allied Home*

*Mortg. Corp. v. United States HUD*, 618 Fed. Appx. 781, 786 (5th Cir. 2015); *accord Brach v.*

*Newsom*, 38 F.4th 6, 12 (9th Cir. 2022) (en banc) (voluntary-cessation exception inapplicable

where state "did not rescind its [policy] in response to th[is] litigation"). And this remains true

even if the government "possesses the power to reenact" the offending policy "after the lawsuit is

dismissed." *Thomas v. Bryant*, 938 F.3d 134, 144 n.21 (5th Cir. 2019) (quoting *Fantasy Ranch*

*Inc. v. City of Arlington*, 459 F.3d 546, 564 (5th Cir. 2006)).  SECDEF rescinded the August 2021

vaccination requirement because Congress specifically directed him to do so, over the military's

objection. *See supra* pp. 3-6. There is no basis to conclude that the military sought to manipulate

the course of this litigation.

Neither are plaintiffs' alleged injuries "reasonably . . . expected to recur." *Franciscan All.,*

*Inc. v. Becerra*, 47 F.4th 368, 376 (5th Cir. 2022). "A hypothetical threat, based on speculative

facts, is not enough to support the jurisdiction of a Federal Court." *Alabama ex rel. v. Baxley v.*

*Woody*, 473 F.2d 10, 14 (5th Cir. 1973). Plaintiffs must show more than "the most speculative of

possibilities that [they] will find it necessary in the future to invoke judicial guidance of [an

agency's] activities." *Sierra Club v. Lynn*, 502 F.2d 43, 67 (5th Cir. 1974). As noted, there is no

basis to think that DoD or the Air Force will reimpose the universal vaccination requirement that

plaintiffs sought to enjoin. To the extent that the military *might* in the future impose a different or

more limited COVID-19 vaccination requirement—itself a "speculative" contingency that

"demonstrate[s] no legal injury sufficient to present an actual case or controversy, *id.*—there is no

basis to presume that plaintiffs would be subject to that hypothetical requirement or that their

requests for a religious exemption from it would be denied. In fact, courts within the Fifth Circuit

11

have found that even for government policy changes that may, at first glance, appear to be in response to ongoing litigation, harm "could not reasonably be expected to recur" when the policy is formally revoked with "sincerity . . . reflected in defendants' decision to rescind" actions taken under the defunct policy. *Cain v. City of New Orleans*, 281 F.Supp.3d 624, 639, 2017 WL 6372836 (E.D. La. Dec. 13, 2017) (finding a New Orleans change in policy sincere when the city revoked the Collections Department's authority to issue warrants and rescinded all warrants issued for failure to pay fines and fees). Here, the DoD and DAF, taking "swift and thorough corrective action" at Congress's direction has not only rescinded its vaccination policy but also directed the rescission of all adverse actions issued to individuals based solely on their refusal to be vaccinated. *Boudreaux v. La. State Bar Ass'n*, 2022 WL 3154190 (E.D. La. Aug. 8, 2022); Gvmt Ex 1; Gvmt Ex. 2. At minimum, any challenge to a future vaccination mandate would raise different questions than the now-moot dispute presented here. Attempting to adjudicate its validity now is "too speculative and remote to support standing." *Boudreaux*, 2022 WL 3154190 (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)).

## CONCLUSION

For the foregoing reasons, the Court should dismiss all of Plaintiffs' claims, except the claim of Byron O. Starks whose claim is the subject of a separate motion to dismiss and terminate this case.

Respectfully submitted,

BRANDON B. BROWN
United States Attorney

BY:   *s/ Jennifer B. Frederick*
JENNIFER B. FREDERICK (#23633)
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
Telephone:   (337) 262-6618
Facsimile:   (337) 262-6693
Email:   jennifer.frederick@usdoj.gov

13