UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **FAITH N. CROCKER, *ET AL.*** | ) | CIVIL ACTION NO: 22-cv-00757 |
| | ) | |
| **VERSUS** | ) | JUDGE HICKS |
| | ) | |
| **LLOYD J. AUSTIN, III, in his official capacity as United States Secretary of Defense**, *et al.* | ) ) ) | MAGISTRATE JUDGE HORNSBY |

**REPLY MEMORANDUM IN SUPPORT OF
<u>DEFENDANTS' MOTION TO DISMISS</u>**

Plaintiffs' claims are moot, and there is "nothing for [this] court to do" but dismiss this case. *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020). Initially, Plaintiffs filed suit against Defendants seeking relief from the Air Force's COVID-19 vaccination requirement. First Amended Complaint (FAC). Doc. 12. That mandate has been rescinded. Every adverse action initiated or filed against Plaintiffs solely for refusing to comply with that mandate has also been rescinded. No Plaintiff faces discharge or other consequences under the mandate and Plaintiffs cannot prove that a new mandate is on the horizon. Neither can they prove that they would suffer the same harms under a potential new mandate to justify keeping their case a live controversy. With nothing from which to seek preliminary injunctive relief—and with this Court already denying Plaintiffs' motion for a preliminary injunction—Plaintiffs' requests for declaratory relief are academic and have no practical effect. The Court should grant Defendants' motion to dismiss.

1

I. **No Relief Is Available from the Now-Rescinded Mandate.**

Plaintiffs do not deny that the Air Force's COVID-19 vaccine mandate has been rescinded, only that Congress directed the Secretary of Defense (SECDEF) to rescind the mandate over Defendants' "protestations" and that Defendants did so rescind the SECDEF memo at issue "reluctantly." Doc. 36, ¶ 2; *see also* James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 (NDAA), Pub. L. No. 117-263,136 Stat. 2395 (2022), § 525 (directing SECDEF to rescind the requirement "that members of the Armed Forces be vaccinated against COVID-19 pursuant to the memorandum dated August 24, 2021, regarding 'Mandatory Coronavirus Disease 2019 Vaccination of Department of Defense Service Members.'"). Defendants' statements that the mandate was lawful, much less their "protestations" and reluctance, are not an adequate basis for injunctive or declaratory relief.

The Fifth Circuit and other circuits have repeatedly confirmed that when a statute or regulation is amended or repealed after plaintiffs bring a lawsuit challenging the legality of that statute or regulation, mootness is "the default." *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 832 (5th Cir. 2023); *Houston Chronicle Publ'g Co. v. League City*, 488 F.3d 613, 619 (5th Cir. 2007) ("It goes without saying that disputes concerning repealed legislation are generally moot."); *McCorvey v. Hill*, 385 F.3d 846, 849 (5th Cir. 2004) ("Suits regarding the constitutionality of statutes become moot once the statute is repealed."); *Johnson v. Mississippi*, 586 F.2d 387, 388 (5th Cir. 1978) (per curiam) ("[T]he enactment of a superseding statute which satisfies all the principles sought in an attack on the prior statute simply moots the case."); *see also, e.g.*, *Keister v. Bell*, 29 F.4th 1239, 1250 (11th Cir. 2022) ("[W]hen a government fully repeals a challenged law, a case challenging that law is almost surely moot."), *pet. for cert. filed*, No. 22-388 (U.S. Oct. 25, 2022); *Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*,

941 F.3d 1195, 1198 (9th Cir. 2019) ("[T]he repeal, amendment, or expiration of challenged legislation is generally enough to render a case moot and appropriate for dismissal."); *Am. Bar Ass'n v. FTC*, 636 F.3d 641, 643 (D.C. Cir. 2011) ("It is well established that a case must be dismissed as moot if new legislation addressing the matter in dispute is enacted while the case is still pending."); *Log Cabin Republicans v. United States*, 658 F.3d 1162, 1166–68 (9th Cir. 2011) (finding moot a challenge to the military's don't-ask-don't-tell policy when the policy was repealed by statute after judgment); *Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019) (clarifying the standard: "in determining whether a case is moot, we should presume that the repeal, amendment, or expiration of legislation will render an action challenging the legislation moot, unless there is a reasonable expectation that the legislative body will reenact the challenged provision or one similar to it").

To keep their claims alive, Plaintiffs point solely to the Department of Defense Directive (DoDD), issued pursuant to the Military Whistleblower Protection Act, as defining the continuing harm they suffer. Doc. 36, ¶ 1.A; s*ee* DoDD 7050.06, p. 13. However, that directive applies to limitations on "personnel action," or withholding of favorable action, when a military member makes a "protected communication" to Congress or an Inspector General. As such, this statue is inapplicable to this case. 10 U.S.C. § 1034 and DoDD 7050.06, ¶ 3.d. Plaintiffs ignore that any and all adverse administrative actions initiated or completed in accordance with Department of the Air Force Instruction (DAFI) 36-2907, the regulation applicable in this case, have been rescinded. Doc. 34-3, Gvmt Ex. 7.

Instead, Plaintiffs assert purely reputational harm and/or impairment of their promotion potential which are purely speculative and certainly not "constitutionally cognizable injuries." *Vander Zee v. Reno*, 73 F.3d 1365, 1369 (5th Cir. 1996). Furthermore, the missed opportunities

Plaintiffs allege to have suffered are deployment, assignment, and other operational decisions that fall squarely within the purview of military members' chain of command and commanders' "professional military judgments" and beyond the jurisdiction of this court. *Austin v. Navy SEALs 1-26,* 142 S. Ct. 1301, 1302 (2022), *quoting Gilligan v. Morgan*, 413 U.S. 1, 10 (1973).

Despite Plaintiffs' lengthy attempt to recharacterize the status of the six remaining USAF members in this case, the fact remains that, of the six plaintiffs, four—Wayne, Schadwinkel, Potier, and McHaley—had no pending or past adverse action based on the vaccine requirement.

Plaintiffs specifically mention the cancellation of McHaley's First Sergeant assignment as an alleged consequence of his vaccination status. Plaintiffs present no evidence of this fact other than his self-serving statement in response to the pending motion. Secondly, it should be noted that First Sergeant is a special duty status and is not a promotion in rank or duty. Gvmt Ex. 1, First Sergeant Duties and Responsibilities Excerpt from the Air Force Enlisted Classification Directory, April 2023. First Sergeant is an assignment decision that falls squarely within the military's discretion. It is a non-justiciable decision and this Court lacks the authority to order the military to put anyone in a particular assignment.

Plaintiffs' subjective belief that his removal from his special duty has negatively impacted his military career, without more evidence of same, is not enough to overcome the fact the SECDEF Rescission Memorandum and the memoranda from the Secretary of the Air Force and the Chief of the Air Force Reserve make it clear that neither Plaintiff McHaley, nor any other Plaintiff, are subject to the August 2021 vaccine mandate, and none will have a record of discipline or adverse action based on their failure to be vaccinated.

Plaintiff Potier avers that he is a drilling reservist who was removed from a deployment and therefore lost pay, as well as retirement points, as a result of that removal. Potier alleges

damages in excess of $10,000 based on this adverse action. The Tucker Act both confers jurisdiction upon the United States Court of Federal Claims and waives sovereign immunity with respect to certain actions for monetary relief brought against the United States. *United States v. Mitchell*, 463 U.S. 206, 212-18 (1983). Under the Tucker Act, sovereign immunity is waived for "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

There is Tucker Act jurisdiction for claims brought pursuant to the Military Pay Acts – 37 U.S.C. §§ 204, 206. In this case, the alleged amount in controversy, per Plaintiffs' own admission in briefing, is $60,000.00, a sum in excess of the amount necessary to invoke the Tucker Act. Defendants do not waive the argument that Potier did not suffer any adverse consequences as a result of the mandate and his claim should be dismissed as moot; however, should the Court determine that Potier suffered a monetary loss as a result of the vaccine mandate, this Court does not have jurisdiction to hear the matter and must transfer this claim to the Court of Federal Claims.

Plaintiff Duff received a Letter of Counseling based solely on failure to be vaccinated; however, that has been rescinded and removed from his personnel records. Gvmt Ex. 7 to Doc. 34, ¶ 3. Plaintiff Crocker received a Letter of Reprimand based solely on her failure to be vaccinated, but that has been rescinded and removed from her personnel records. Vaccination status no longer has any bearing on each Plaintiff's "duties as well as assignment, training, and deployment eligibility." *Id.* ¶ 4.

Plaintiffs specifically address the status of Byron Starks whose discharge from the USAF is the subject of a separate pending motion to dismiss in this case. Doc. 20. As discussed in that

pending motion, Starks has not demonstrated that no genuine opportunity for adequate relief exists with respect to his specific situation.. Starks' discharge was not related to the COVID-19 vaccination requirement, and he was never subject to any disciplinary action due to his refusal to comply with the COVID-19 vaccine mandate. Starks did not raise any claims in any complaint in this matter, aside from a COVID-19 vaccine requirement that no longer applies to him. Thus, this Court cannot consider claims beyond that contained in the complaint. Until Starks exhausts his administrative remedies related to his discharge, he will "find the doors of the federal courthouse closed." *Hodges v. Callaway*, 499 F.2d 417, 420 (5th Cir. 1974).

Starks has not even started any of the administrative processes that could undo his discharge or that could recharacterize the alleged improper nature of his discharge. Further, he has not demonstrated any irreparable injury from being required to pursue those administrative remedies. Courts have consistently found that military administrative and disciplinary actions, including separation, are not irreparable injuries because the service member could be reinstated and provided back pay if he prevailed on his claim. Rather than engaging in the required administrative process, instead, in response to the instant motion to dismiss, Starks contends that this process would be futile without even starting same. Without evidence of that futility, other than self-serving statements, this argument fails, and Defendants' Motion to Dismiss regarding his case must also be granted.

## CONCLUSION

For the foregoing reasons, the Court should dismiss all of Plaintiffs' claims and terminate this case.

                        Respectfully submitted,

                        BRANDON B. BROWN
                        United States Attorney

BY:   *s/ Jennifer B. Frederick*
        JENNIFER B. FREDERICK (#23633)
        Assistant United States Attorney
        800 Lafayette Street, Suite 2200
        Lafayette, LA 70501
        Telephone:  (337) 262-6618
        Facsimile:   (337) 262-6693
        Email:        jennifer.frederick@usdoj.gov