UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| FAITH N. CROCKER, ET AL. | CIVIL ACTION NO. 22-0757 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LLOYD J. AUSTIN, III, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss (Record Document 20) filed by Defendants, seeking dismissal of all claims filed by Plaintiff, Byron Starks ("Starks"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Starks filed an opposition (Record Document 27), and Defendants filed a reply (Record Document 30). For the following reasons, Defendants' Motion to Dismiss is **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of the COVID-19 vaccine mandate issued by the United States Air Force in late 2021. See Record Document 12 at 1. Plaintiffs are seven members of the Air Force who sought religious accommodations exempting them from the vaccine mandate. See id. at 1–2. Plaintiffs allege that none of their accommodations have been granted. See id. at 2. Thus, Plaintiffs brought this suit pursuant to the First Amendment and the Religious Freedom Restoration Act ("RFRA"), challenging Defendants' denial of "their fundamental right to the free exercise of religion." See id. Plaintiffs further "seek protection from agency action that is unlawful, contrary to law, and arbitrary and capricious." See id.

One of the Plaintiffs, Starks, is the subject of the pending Motion to Dismiss. Starks joined this lawsuit initially filed solely by Faith Crocker; the Amended Complaint added six

1

additional plaintiffs with the same causes of action. See id. at 1. Starks alleges that he was an Airman First Class in the Air Force who enlisted around October 20, 2020. See id. at 15. On September 24, 2021, Starks submitted a request for religious accommodation to obtain an exemption from the Air Force's COVID-19 vaccination requirement. See id. Starks claims that on or about March 23, 2022, this request was denied. See id. at 16. Starks then submitted an appeal of the denial on April 4, 2022, which was similarly denied on May 3, 2022. See id. Starks alleges that he was given until May 14, 2022 to comply with an order to either (1) take the COVID-19 vaccine, (2) retire or separate from the Air Force, or (3) refuse to comply with the order. See id.

On July 26, 2022, this action was stayed, except as to the claims of Starks, due to a pending class action in the Southern District of Ohio. See Record Documents 16 and 17. "Prior to the class certification, but after the filing of the Amended Complaint, [Starks] was discharged" from the Air Force. Record Document 16 at 3. Thus, this Court allowed Defendants' Motion to Dismiss Starks's claims to remain active because the parties agreed that Starks was not a member of the certified class. See id.

While the stay was in place, the Air Force rescinded its COVID-19 vaccine mandate. See Record Document 31. However, in a status conference with the Magistrate Judge, Plaintiffs stated their intention to proceed with their claims, arguing that the matter was "not moot simply because the vaccine mandate" was lifted. See Record Document 33 at 1. While the Defendants stated their intention to file a Motion to Dismiss the other plaintiffs' claims on the basis of mootness, the parties agreed that the Motion to Dismiss Starks's claims was not affected by the rescission of the mandate, and the motion required a ruling. See id.

In this Motion to Dismiss, Defendants argue that Starks lacks standing to bring his claims because he is no longer in the Air Force. See Record Document 20-1 at 1. Defendants further argue that, even if Starks was not required to receive the COVID-19 vaccine, he would not be medically eligible to remain in the Air Force, thus precluding Starks from establishing an actual or imminent injury as needed for Article III standing. See id. Alternatively, Defendants argue that Starks's claims must be dismissed as non-justiciable because Starks has not exhausted available administrative remedies, via the Air Force Discharge Review Board ("AFDRB") and/or the Air Force Board for Correction of Military Records ("AFBCMR"). See id.

In response, Starks argues that his non-honorable discharge during the pendency of this suit was due to his religious accommodation request concerning the COVID-19 vaccine. See Record Document 27 at 1. Starks also asserts that "a military plaintiff need not exhaust administrative remedies before bringing a Constitutional challenge," citing recent case law from the Fifth Circuit. See id. Thus, Starks argues that he has standing to sue under the First Amendment and the RFRA, and his claims are ripe for review by this Court. See id.

In reply, Defendants assert that "there is no dispute that Starks is no longer in the Air Force" and that "he was medically discharged due to a medical condition unrelated to his failure to receive a COVID-19 vaccine." Record Document 30 at 1. Because Starks is no longer subject to the vaccination requirement, Defendants urge dismissal of Starks's claims. See id. Further, Defendants point out that Starks's argument that his discharge was pretextual has been raised for the first time in his opposition to the Motion to Dismiss, thus making it an improper argument to avoid dismissal of his claims. See id.

## LAW AND ANALYSIS

### I.     Legal Standard under FRCP 12(b)(1)

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." PNC Bank, N.A. v. Ruiz, 989 F.3d 397, 402 (5th Cir. 2021) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "The party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 104 (1998). On a motion to dismiss under Rule 12(b)(1), a court must accept as true all the factual allegations in a plaintiff's complaint and view the facts in the light most favorable to the plaintiff. See Lane v. Halliburton, 529 F.3d 548, 557 (5th Cir. 2008). If a court finds that the plaintiff does not have standing under this standard, the court must dismiss the plaintiff's claims without prejudice. See Staten v. Harrison Cnty., No. 20-60329, 2021 WL 5766576. At *2 (5th Cir. Dec. 3, 2021); see also Barrett v. Synovus Bank, No. 4:22-CV-253-SDJ-KPJ, 2022 WL 18673311, at *3 (E.D. Tex. Nov. 15, 2022), report and recommendation adopted, No. 4:22-CV-253-SDJ, 2023 WL 1928691 (E.D. Tex. Feb. 10, 2023).

### II.    Legal Standard under FRCP 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading standard to state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While some specific causes of action have a heightened pleading standard imposed on them by the Rules or statute, that is not the case for claims under Title VII. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002). The standard for the adequacy of all complaints under Rule 8(a)(2) is

4

now the "plausibility" standard found in Bell Atlantic Corp. v. Twombly and its progeny. 550 U.S. 544 (2007). Under this standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations omitted). If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for "failure to state a claim upon which relief can be granted." Courts must accept all factual allegations in the complaint as true. See Iqbal, 556 U.S. at 678. However, courts do not have to accept legal conclusions as facts. See id. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. See Thompson v. City of Waco, 764 F.3d 500, 503 (5th Cir. 2014). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See Iqbal, 556 U.S. at 679. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court.'" Twombly, 550 U.S. at 558 (citations omitted).

### III. Analysis

#### a. Standing

In their Motion to Dismiss, Defendants first argue that Starks lacks standing to challenge the Air Force's COVID-19 vaccination mandate because Starks is no longer an active service member. See Record Document 20-1 at 1. Defendants explain that "Starks was discharged for erroneous enlistment on June 23, 2022, because the Air Force discovered that Starks had a disqualifying medical condition." Id. at 2. Rather than being discharged for failure to receive the COVID-19 vaccine, Defendants argue that Starks was released from the Air Force under the "erroneous enlistment" guidelines. See id. Thus, Defendants assert that, because Starks is no longer subject to the COVID-19 mandate, there is no actual or imminent injury that exists to satisfy the Article III standing requirements. See id. at 7.

The "irreducible constitutional minimum of standing" under Article III requires Plaintiff to show that he has met three elements: (1) an actual or imminent injury, (2) causation, and (3) redressability. Seals v. McBee, 898 F.3d 587, 590–91 (5th Cir. 2018) (citing Lujan v. Defs. Of Wildlife, 504 U.S. 555, 560–61 (1992)). When seeking injunctive relief, a plaintiff "must show that there is a real and immediate threat of repeated injury. . . . Past injury alone is insufficient; plaintiff[] must establish a real or immediate threat that [he] will be wronged again." Id. at 591 (quoting City of L.A. v. Lyons, 461 U.S. 95, 102 103 S. Ct. 1660 (1983)) (internal quotation marks omitted).

This Court agrees with Defendants that Starks lacks standing to pursue these claims because he is no longer an active member of the Air Force. As a discharged serviceman, Starks is not subject to the COVID-19 vaccine—even if the mandate were

6

still in effect, it would not apply to Starks. Thus, Starks does not face an actual or imminent injury as required for Article III standing.

While Starks argues in his opposition that the medical basis for his discharge was pretextual, such an argument should have been raised either in the Amended Complaint or in the Air Force's internal review procedures, which will be addressed in further detail below. "[I]t is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss." D&J Invs. of Cenla, L.L.C. v. Baker Hughes, No. 1:20-CV-01174, 2022 WL 10760725, at *4 (W.D. La. Sept. 14, 2022), report and recommendation adopted sub nom. D&J Invs. of Cenla LLC v. Baker Hughes, No. 1:20-CV-01174, 2022 WL 10676579 (W.D. La. Oct. 18, 2022); see also In re Enron Corp. Sec., Derivative & ERISA Litig., 761 F.Supp.2d 504, 566 (S.D. Tex. 2011). There seems to be no dispute that the Air Force's stated reason for Starks's discharge was a pre-existing medical condition that rendered Starks's enlistment erroneous. Defendants point out that "[i]n the administrative proceedings, Starks only sought to refute the cause and disqualifying nature of the medical condition that formed the basis for his erroneous enlistment." Record Document 30 at 4 n.1. Thus, it appears that Starks is alleging that this medical reason was pretextual for the first time in the opposition to the Motion to Dismiss; this argument, therefore, is not now within the Court's ambit.

Thus, even if Starks is correct that "the [mandate] was promulgated in violation of the APA," such a violation would have no effect on Starks, who is no longer in the Air Force and therefore no longer subject to the allegedly improper mandate. See Record Document 27 at 8 (quoting Texas v. EEOC, 933 F.3d 433, 447 (5th Cir. 2019)). Thus, the

7

Defendants' Motion is **GRANTED**, and Starks's claims must be dismissed without prejudice.

### b. Justiciability

Alternatively, Defendants argue that Starks's claims must be dismissed because he failed to exhaust available administrative remedies within the Air Force before bringing his claims to federal court. See Record Document 20-1 at 7. Thus, Defendants assert that "[e]ven if Starks had standing, any claim challenging his medical discharge would still not be justiciable." Id.

The term "'justiciable'" means "properly suited for resolution by the federal courts." Rucho v. Common Cause, 139 S. Ct. 2484, 2491 (2019). "Under Article II of the Constitution, the President of the United States, not any federal judge, is the Commander in Chief of the Armed Forces." Austin v. Navy SEALs 1-26, 142 S. Ct. 1301, 1302 (2022) (Kavanaugh, J., concurring). "In light of that bedrock constitutional principle, 'courts traditionally have been reluctant to intrude upon the authority of the Executive in military and national security affairs.'" Id. (quoting Dep't of Navy v. Egan, 484 U.S. 518, 530 (1988)).

The parties disagree as to whether a military plaintiff must exhaust administrative remedies before bringing a suit under the RFRA: Defendants argue exhaustion is required under Mindes v. Seaman, 453 F.2d 197 (5th Cir. 1971), while Starks argues the Fifth's Circuit's recent decision in U.S. Navy SEALS 1–26 v. Austin, 27 F.4th 336 (5th Cir. 2022), removes that requirement for claims alleging violations of the RFRA. Because the United States Supreme Court granted the Government's emergency request for relief after the

8

Fifth Circuit's decision in Navy SEALS, and the precedent at this time is unclear, this Court will continue to apply the Mindes factors for exhaustion requirements.[1]

Under Mindes, "[a] court should not review internal military affairs in the absence of (a) an allegation of the deprivation of a constitutional right, or an allegation that the military has acted in violation of applicable statutes or its own regulations, and (b) exhaustion of available intraservice corrective measures." 453 F.2d at 201. Here, it is clear that Starks did not exhaust all available remedies. Defendants point to both the AFDRB and AFBCMR procedures, which would allow Starks to seek review of his discharge, yet were not pursued by Starks at all. See Record Document 20-1 at 1. Starks does not contest that he failed to seek review of his discharge; rather, he argues that this remedy is futile because of "the slow-moving, bureaucratic boards" within the Air Force. See Record Document 27 at 11. Starks alleges that "Defendants have made clear their total rejection of vaccine refusers," and therefore, Starks does not need to exhaust his administrative remedies. See id. However, this Court agrees with Defendants that this is not a case where "no genuine opportunity for adequate relief exists." Record Document 30 at 6–7; see Linfors v. United States, 673, F.2d 332, 334 (11th Cir. 1982). In fact, several avenues for relief exist, as highlighted by Defendants. Starks must pursue the various remedies within the Air Force before bringing his claims to federal court; until then, this Court agrees with Defendants that Starks's claims are not justiciable. Thus,

---

[1] In Navy SEALS, the Fifth Circuit analyzed the claims of thirty-five Navy service members who refused to receive the COVID-19 vaccine pursuant to their religious beliefs. See 27 F.4th at 341. When considering the defendants' argument that the plaintiffs must have exhausted their administrative remedies before filing suit, the Fifth Circuit stated that "it is likely that, following RFRA's enactment, abstention based on the Mindes test is no longer permissible." Id. at 346. Thus, the Fifth Circuit posed the possibility that the Mindes requirements should not apply in RFRA cases. See id. However, the Fifth Circuit, "[i]n an abundance of caution and deferring to circuit precedent," proceeded with the Mindes test to reach its conclusion. See id. Because the Fifth Circuit did not explicitly overturn Mindes, this Court will continue to follow established case law and require exhaustion of administrative remedies before suit may be filed, even in RFRA cases.

Defendants' Motion is likewise **GRANTED** on these alternate grounds, and Starks's claims must be dismissed without prejudice.

## CONCLUSION

Based on the reasons outlined above,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Record Document 20) is **GRANTED**. All claims filed by Starks are **DISMISSED WITHOUT PREJUDICE**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 4th day of May, 2023.

S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT